### C., C. & I. Ry. Co. v. Louis C. Reiss.

**1. Negligence of Person in Crossing a Railroad Track.**

In an action for damages for injuries received by a person while crossing the tracks of a railroad, the court is not authorized to say to the jury, as a matter of law, that if plaintiff heard the whistle of the train while he was at a reasonable distance from the crossing, so that he could have stopped his horse in time and avoided the injury, that he was therefore guilty of contributory negligence and could not recover.

**2. Duty of the Court to Give a Charge which is Correct as to the Law.**

A party asking the court to give a charge which is correct as to the law, and pertinent to the case, is entitled to have such charge given, and, therefore, in an action for damages for personal injuries, a general statement as to the law and the care to be exercised will not excuse the failure of the court to give such correct and pertinent charge as requested.

**3. Object of Signboards at Railroad Crossings.**

The object of having a signboard or caution post at or near the crossing of a railway and highway is to notify travelers of the existence of the railway crossing. And if the jury find that the company was negligent in not having such board at the crossing where the accident occurred, such omission would not render the company liable to a person familiar with the crossing and who knew of the existence of the railway at the time of the accident.

**4. Duty of Railroads to Maintain Gates or Keep a Watchman at a Crossing.**

A railroad company is not, as a rule, in the absence of a statute requiring it, bound to maintain gates or keep a watchman at a crossing, yet there are cases where the obligation is imposed upon them to adopt these or other safe modes, to protect travelers, and if in such cases they fail to so provide, it would be negligence on their part, and they might be liable for injuries caused by such failure.

Error to the Court of Common Pleas of Hamilton county.

Smith, J.

Reiss, in his action against the defendant company, sought to recover damages for injuries to his person and property, resulting from his having been run down by a train of the company where its railroad crosses Carthage Pike. He alleges that while he was crossing such track, without any fault on his part, he was so injured by the negligence of the company in this:

*First*—That it caused the train to approach the crossing and pass rapidly over the track of the road, without giving any signal by bell or whistle or otherwise, of its approach.

*Second*—In neglecting to erect a sign at the crossing, giving notice of the proximity of the track.

*Third*—In constructing its railroad, defendant made an excavation for its track seven feet below the natural surface at said crossing for some distance on either side of it, and in doing so removed the dirt from the Carthage road and dug the road down to a level with the railroad track, causing said highway to descend at a steep grade to said track, leaving high banks on each side of it, which banks were obstructed by

bushes and a fence, by reason whereof the crossing is of a dangerous character; and

*Fourth*—That the train was an irregular one.

The answer admitted that the defendant company was a corporation, existing and operating under the laws of Ohio, and denies each and every other allegation of the petition.

The case was tried to a jury, and a verdict rendered in favor of the plaintiff. A motion for a new trial was made upon the grounds, that the verdict was against the evidence; that the court erred in the charge to the jury and in refusing to give certain special charges asked by defendant; in refusing to arrest the evidence from the jury, and for error in receiving and rejecting evidence. The motion was overruled by the court, and exceptions taken, and a bill of exceptions allowed, containing all of the evidence, the charge of the court, the special charges asked and refused, and a petition in error has been filed alleging the same error.

In this court reliance is had upon these three grounds, viz.: That the verdict is against the evidence, and that the court erred in the charge given and those refused.

As no exception seems to have been taken to the charge as given, at the time, we do not refer to this. One of the charges requested by the defendant and refused by the court was this:

"If you should find that plaintiff heard a whistle at the time he was forty-eight or fifty feet distant from said track, and should find that he could have stopped his horse within that distance in time to have avoided the accident and injury, he was guilty of contributory negligence, and your verdict will be for the defendant."

Whether this charge should have been given, and whether it was error to refuse it in the shape in which it was requested, is open to grave question. It is true the evidence in the case was such as rendered a proper charge on this point relevant. The plaintiff himself testifies that while he was going from the toll gate to the railroad crossing, a distance of about one hundred feet, with a descent of about four feet, he was driving, at a walk, a gentle horse hitched to a spring wagon, with the brake set. That he heard no whistle and did not stop, and saw nothing or heard nothing of the train until it was upon him. But it is perfectly evident that the whistle was sounded while he was about fifty feet from the track, and was distinctly heard by the toll gate keeper who was only fifty feet distant from him, and who tried to warn the plaintiff of the approaching train. It was proper, then, to ask the court to charge the jury as to what was incumbent on plaintiff under the circumstances if he really heard the whistle. But we incline to the opinion that the court was not authorized to say to the jury, as a matter of law, that if plaintiff heard the whistle while at that distance from the crossing and could have stopped his horse in time to have avoided the injury, that he could not recover. Suppose the whistle had been sounded a mile or two away, and he had heard it, and acting as a prudent man, had believed the train was at such a distance that he could safely cross the track, could it be said that his failure to stop until the train passed, would be such negligence as would defeat his action? We doubt if there were proper limitations in the charge, as requested.

The defendant also asked the court to charge the jury as follows:

"The object of having a signboard or caution post at or near the crossing of a railway and highway is to notify travelers of the existence

of the railway crossing. And if the jury should find that the company was negligent in not having a signboard or caution board at the crossing where the accident occurred, that fact could not render the company liable if you should find that the plaintiff was familiar with the crossing and knew of the existence of the railway at the time of the accident."

This charge was fully warranted by the facts disclosed in the evidence, and it seems to us that it was good law, and ought to have been given to the jury as requested. It was substantially conceded in the argument of the counsel for defendant in error, that if this charge had read, "that that fact 'alone,' would not render the company liable," etc., that it would be difficult to defend the refusal of the court to give the charge. But we are of the opinion that the addition of the word "alone" as suggested would not give to the sentence a different meaning than that which it now has. If, therefore, the court did not in some other part of the charge give this in substance to the jury, we think the plaintiff in error is entitled to have the judgment reversed on this ground.

We are not able to see that this has been done. The court, in the general charge to the jury, and in other instructions given at the request of the company, did state with particularity the law as to the care required to be exercised by both parties where negligence is involved, but we see nothing bearing on this particular point. And it is clearly the rule that the party asking a charge correct as to the law, and pertinent to the case, is entitled to have it given, and that a general statement as to the law and the care to be exercised by the parties will not excuse the failure to give such correct and pertinent charge requested.

On the question whether the verdict was against the weight of the evidence, we have but little to say. Was any negligence, in any of the particulars set out in the petition, showed by the plaintiff? He claimed that no whistle was sounded or bell rung as the train approached this crossing. The only evidence in support of this is, his own testimony that he heard nothing. His own witness, Fisher, the toll gate keeper, testifies explicitly that the whistle was sounded while the train was at Ross Lake, a quarter of a mile above the crossing, and that realizing the danger of plaintiff if he attempted to cross the track, that he vigorously tried to stop him. In addition to this is the undisputed evidence of Walter Parks, a passenger on the train, that the whistle was duly sounded, and of the engineer and fireman of the train that the whistle was several times sounded, and the bell continuously rung, within the half mile above the crossing. That such evidence should be set aside on the mere statement of the plaintiff that he heard no signal, is out of the question.

*Second*—While there was no sign-post at the crossing, it was perfectly clear from the evidence of the plaintiff himself, that this was not the cause of the accident, as he knew at the time that the railroad was there, and was not lulled into security by the fact that the sign-post was not there.

*Third*—There was no evidence whatever that the defendant company had made any cut in the Carthage Pike, or that it had anything to do in producing the bank, or fences or brush thereon, or the erection or maintenance of the buildings, which it is claimed prevented the plaintiff from seeing the track or the approaching train.

*Fourth*—The train which did the injury was not an irregular train, but was one of the regular trains, behind time without any negligence or fault of the company. We are of the opinion, then, that as to all the

negligence claimed on the part of the company, there was a failure of proof.

There is another matter to which we deem it proper to call attention, although it is not involved in the case as it now stands. It appears from the papers and transcript that the plaintiff in his original petition, set out another ground of negligence on the part of the defendant, in connection with those already referred to, the substance of which was that the railroad company had caused .this crossing to·be a dangerous one by reason of the excavations made in the road and track, and the obstructions on the bank which prevented a view of approaching trains, and that the defendant had negligently and carelessly omitted to place and maintain gates or guards there, or have a flagman at the crossing, to warn travelers of approaching trains. Those allegations as to negligence of the company in failing to have gates or a flagman there were on motion stricken out by the court against the exception of the plaintiff.

We think this should not have been done; that the plaintiff was entitled to have these allegations remain in the petition, and to establish them if he could do so. While it is true that a railroad company is not, as a rule, in the absence of a statute requiring it, bound to maintain gates or keep a watchman at a crossing, yet there are cases where the obligation is imposed upon them to adopt these, or another safe mode to protect travelers, and if it could be shown that this was such a crossing, and that there had been a failure on the part of the company to·make such provision, that it would be negligence, and they might be liable for injuries caused by such failure.

See case of *C. C. C. & I. Railway Co.* v. *Schneider*, 45 O. S., 678.

We think, therefore, if the case is to be again tried, the plaintiff, if he desires, should be allowed to amend his petition in this regard, that the case may be fairly and properly re-tried. But, on the other grounds, the court feel constrained to reverse the judgment.

Judge Cox is of the opinion that the judgment should be affirmed.

*Matthews & Grewe*, for Plaintiff in Error.

*L. G. Hummel*, for Defendant in Error.